**Henry PEREIRA; American Disability Institute, a non-profit Pennsylvania corporation, on behalf of itself and all others similarly situated, Plaintiffs–Appellants,**

v.

**RALPHS GROCERY COMPANY, Defendant–Appellee.**

No. 08–55078.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed July 7, 2009.

Todd S. Collins, Esquire, Berger & Montague, Philadelphia, PA, Evan Jason Smith, Esquire, Brodsky & Smith, LLC, Bala Cynwyd, PA, for Plaintiffs–Appellants.

Gregory Francis Hurley, Esquire, Senior Litigation, Law Offices of Greenberg Traurig, LLP, Michael Chilleen, Esquire, Irvine, CA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, PREGERSON, Circuit Judge, and QUIST,* District Judge.

## MEMORANDUM **

The defendant's "voluntary cessation of allegedly illegal conduct" did not moot this

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

case. *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The plaintiff has standing to challenge "all barriers" at Ralphs that are related to his disability, not just those identified in the F & F Report. *Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1047 (9th Cir.2008).

**REVERSED & REMANDED.**

QUIST, District Judge, dissenting:

I dissent. The plaintiff in *Doran* presented evidence of additional barriers that became known through discovery. Here, plaintiffs failed to present evidence of barriers beyond those disclosed in the F & F Report in their response to Ralph's motion for summary judgment. In addition, *Doran* involves the issue of standing while the instant case involves a district judge's discretion. I would affirm the district court.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.